# RACER ET AL. v. INTERNATIONAL BUILDING AND LOAN ASSOCIATION.

[No. 20,059.   Filed December 12, 1902.]

From Jay Circuit Court; *J. M. Smith* Judge.

Action by International Building and Loan Association against James W. Racer and others to foreclose a mortgage. From a judgment for plaintiff, defendants appeal. Transferred from Appellate Court, under subdivision 2 of §1337j Burns 1901. *Reversed.*

*J. W. Headington* and *O. S. Whiteman,* for appellants.

*O. H. Adair* and *J. F. LaFollette,* for appellee.

MONKS, J.—Appellee, a building and loan association, organized under the laws of this State, sued appellants to recover judgment upon a contract for the payment of money and to foreclose a mortgage given by appellants on real estate to secure said contract. The court found for appellee, and, over a motion for a new trial, rendered judgment for the amount of the finding, $211.47, and a decree foreclosing said mortgage.

The only error assigned and not waived calls in question the action of the court in overruling appellants' motion for a new trial.

The provisions of the contract and mortgage sued upon, the articles of association and by-laws and certificate of stock, except as to dates, amounts, and parties, are identical with those in *International, etc., Assn.* v. *Radebaugh, ante,* 549, the appellant in that case being the appellee in this.

In that case, we did not, and in this we need not, determine whether appellee was required to pay $100 for each of said shares of stock at the end of six and one-half years from the date the same was issued, or when the monthly dues paid on said shares and the profits apportioned thereto should amount to $600, the face value thereof, if this should be more than six and one-half years from such date, because, accepting appellee's contention that the latter view is the correct one, under the rules established in the case above cited, the finding of the court was not sustained by the evidence, and was contrary to law.

The contract and mortgage sued upon were executed November 27, 1891, to secure a loan of $600 to appellant James W. Racer, a shareholder of appellee. Six shares of stock in said association were also assigned by said Racer as collateral security for said loan. The contract sued upon provided for the payment of five per cent. premium and five per cent. interest per annum on $600, payable monthly. The said Racer, however, received only $540,—$60 being deducted and retained by appellee as a gross premium. The

monthly dues on the stock were paid for six years and seven months. The premium and interest were also paid for six years and seven months.

There was evidence given at the trial that dues had been paid on said six shares of stock amounting· to $360.90, and that profits amounting to $174.05 had been apportioned to said stock. The amount of monthly payments of premium and interest for said seventy-nine months was $395, when said premium and interest on $540, the amount received by said Racer from appellee, was only $355.50, showing an overpayment of said premium and interest of $39.50. Add this sum of $39.50, and the $60 gross premium retained by appellee, to the dues paid and dividends declared, and we have the amount of $634.45, which is $34.45 more than was necessary to mature the stock.

Judgment reversed, with instructions to sustain appellants' motion for a new trial, and for further proceedings not inconsistent with this opinion.